MEYER v. STRAUSS.

(Supreme Court, Appellate Division, First Department.　June 23, 1899.)

1. APPEAL—QUESTIONS FOR REVIEW.
　　Where both parties move for the direction of a verdict, without requesting that any question of fact be submitted to the jury, and the court directs a verdict for defendant, the only question presented for review is whether the plaintiff's evidence is of such a character as to entitle him to the direction of a verdict.

2. BROKER'S COMMISSIONS—DIRECTION OF VERDICT.
　　Where the evidence of plaintiff, suing to recover commissions for procuring a purchaser for defendant's land, of itself makes out a case, the court will not direct a verdict in his favor if the evidence of the defendant shows that under the contract plaintiff was restricted to negotiating a sale with certain persons, and the one procured by him did not belong to that class.

3. SAME—SALE BY OWNER.
　　Where a broker offered property of his client to parties for the sum of $80,000, and they informed him that they would not entertain any proposition for purchase at that time, and nothing further was done by the broker, he is not entitled to commissions on a sale about two years later by the defendant to one of the parties for $90,000.

Appeal from trial term, New York county.

Action by Isaac T. Meyer against Nathan Strauss to recover commission as a real-estate broker.　From judgment dismissing complaint, plaintiff appeals.　Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ. .

E. P. Wheeler, for appellant.
B. F. Einstein, for respondent.

VAN BRUNT, P. J.　This action was brought to recover a commission or commissions for the obtaining of a purchaser or purchasers for property belonging to the defendant upon terms which were specified at the time of the employment of the defendant. The complaint alleges: First, the procurement by the plaintiff of William Sperb, Jr., as a purchaser; and, second, the procurement of Henry L. Slade as a purchaser, and an actual sale to him. Upon the trial, at the close of the plaintiff's case, the complaint was dismissed as to commissions upon the sale to Slade.　The defendant offered evidence as to the procurement of Sperb as a purchaser, and at the close of all the evidence both parties asked for the direction of a verdict.　The court directed a verdict for the defendant, to which direction the plaintiff duly excepted.　Upon this condition of the record, the only question presented was whether the plaintiff's evidence was of such character as to entitle him to the direction of a verdict in his favor.　An examination of the evidence shows clearly that such was not the case.　It is true that, if the testimony of the plaintiff and his witnesses is to be taken, a case was made out; but the defendant alleged a restriction upon the employment, which, if true, would prevent any recovery upon the part of the plaintiff.　The defendant claimed that the plaintiff was restricted to negotiating a purchase with the persons who

had bought other property belonging to the defendant, and was informed that under no circumstances would he sell to any one else. Sperb was a stranger to the sale of the other property, and consequently, if this restriction was placed upon the plaintiff, his procurement of Sperb as a customer was not within the scope of his employment. The fact that when he brought Sperb he was rejected by the defendant, and that rejection was acquiesced in by him, certainly strengthens the defendant's claim that the employment was of the character testified to by him. It may be that the learned court, in directing the verdict, apparently upon the ground of the acquiescence of the plaintiff, may not have stated the correct reason; but that affords no ground for the reversal of the judgment, if the record shows that the ruling was correct.

The only remaining question necessary to discuss is whether the court was correct in dismissing the complaint as to the claim for commissions based upon the sale to Slade. The testimony of the plaintiff shows that immediately after the defendant rejected Sperb as a purchaser he then at least told the plaintiff that he would sell only to the persons who had bought the other property. The plaintiff, in December, 1895, made an offer to those persons of the premises in question for the sum of $80,000. He was informed that they would not entertain any proposition for purchase at that time, although they did not desire that the property should be sold to any one else. Nothing further was done by the plaintiff, or by any one connected with him, in the matter, until after the defendant, in September, 1897, sold the property to Slade, who was associated with the purchasers of the other property, for the sum of $90,000. Then the plaintiff made a claim for commissions. It seems to us that no right of recovery is shown under these circumstances. The negotiations had been dropped and ended. The plaintiff did nothing towards bringing about this purchase at $90,-000, he having offered it to Slade for $80,000, which offer had been rejected, and nothing further was done for two years. Finally, the defendant sold the property for $90,000, with the negotiations for which sale the plaintiff had nothing to do. Slade knew, as the result of the purchase of the other property, that the premises in question were for sale upon certain terms and conditions; and the case is absolutely barren of any evidence tending to show that the plaintiff or his agents were in any way the procuring cause of the sale.

We think, therefore, that the complaint was properly dismissed as to the claim for commissions upon the sale to Slade, and that the judgment should be affirmed, with costs. All concur.